UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO CASTRO FELIX (A-084-689-011),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br><br>Respondent. | No. 1:26-cv-04405-DC-CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Luis Alberto Castro Felix (A-084-689-011), a native and citizen of Mexico who is proceeding without counsel, has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner was admitted to the United States on July 30, 2016 as a nonimmigrant B-2 visitor for pleasure with authorization to remain for a temporary period not to exceed December 17, 2016. Petitioner remained in the United States beyond December 17, 2016 without authorization. On November 7, 2025, U.S. Immigration and Customs Enforcement ("ICE") detained petitioner following his immigration interview regarding his immediate relative petition. For the reasons that follow, the Court recommends denying the petition for a writ of habeas corpus.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND[2]

Petitioner is a citizen and native of Mexico. (ECF No. 1 at 13.) Petitioner was admitted to the United States on July 30, 2016 as a nonimmigrant B-2 visitor for pleasure with authorization to remain for a temporary period not to exceed December 17, 2016. (Id. at 20.) Petitioner remained in the United States beyond December 17, 2016 without authorization. (Id.) On November 7, 2025, U.S. Immigration and Customs Enforcement ("ICE") detained petitioner following his immigration interview regarding his Form I-130 immediate relative petition. (ECF No. 1 at 6.) On November 7, 2025, petitioner was issued a Notice to Appear and placed into Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[3] (Id. at 20.)

On November 24, 2025 an immigration judge provided petitioner with a custody redetermination hearing and denied bond, finding petitioner was a danger to the community. (ECF No. 6-3.) On December 9, 2025, petitioner filed an appeal of the immigration judge's bond decision, which respondent states remains pending. (ECF No. 6-4; ECF No. 6.) On February 19, 2026, an immigration judge denied petitioner's application for adjustment of status. (ECF No. 6-5.) Petitioner filed an appeal of the immigration judge's decision, which respondent states remains pending. (ECF No. 6-6; ECF No. 6.) On June 9, 2026, an immigration judge provided petitioner with a second custody redetermination hearing and denied bond, finding petitioner had not demonstrated a material change in circumstances and that he was not eligible for a Rodriguez bond hearing. (ECF No. 6-7.) Petitioner had until July 9, 2026 to file an appeal of the immigration judge's decision. (Id.) The record does not indicate whether the immigration judge's June 9, 2026 decision was appealed.

Petitioner is being detained pending removal proceedings under 8 U.S.C. § 1226(a). (ECF No. 6 at 2.) He has been in continuous detention since November 7, 2025. (ECF No. 1 at 6.)

---

[2] Petitioner filed a verified habeas petition. (ECF No. 1 at 8.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

[3] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

Respondent does not contest petitioner's factual allegations. (See ECF No. 6.)

## II. PROCEDURAL BACKGROUND

On June 8, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On June 17, 2026, respondent timely filed a motion to dismiss. (ECF No. 6.) On July 6, 2026, petitioner filed supplemental evidence. (ECF No. 9.) On July 10, 2026, petitioner filed a motion to appoint counsel. (ECF No. 10.) On July 13, 2026, petitioner filed a reply, which was deemed timely and construed as an opposition to the motion to dismiss. (ECF Nos. 11, 12.) Briefing is now complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondent's motion to dismiss, or after an answer to the petition has been filed.

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition as challenging his ongoing detention based on: (1) a statutory claim under the INA; (2) a Fifth Amendment due process claim; and (3) a claim asserting his detention is indefinite and challenging the likelihood of his removal under Zadvydas. (See ECF No. 1; ECF No. 11.) In the response to the petition, respondent appears to have construed the petition to raise the following claims: (1) a statutory claim under the INA; and (2) a Fifth Amendment due process claim. (See ECF No. 6.) Therefore, there is no prejudice to respondent in the Court's construction. Respondent contends petitioner is lawfully detained under 8 U.S.C. § 1226(a); he failed to exhaust his administrative remedies; and any due process claims fail. (See id.)

### A. Statutory Basis for Detention and Due Process Claim

8 U.S.C. § 1226 governs the arrest, detention, and release of noncitizens like petitioner who are in removal proceedings. 8 U.S.C. § 1226; see also Demore v. Kim, 538 U.S. 510, 530 (2003). Under § 1226(a), the Department of Homeland Security ("DHS") has discretionary authority to detain a noncitizen, release them on bond, or release them on conditional parole pending removal proceedings. This discretionary authority does not apply to noncitizens who fall within the criminal categories described in § 1226(c), for whom detention is mandatory.

When a noncitizen is taken into immigration custody under § 1226(a), ICE makes an initial custody determination, which may include setting bond. 8 C.F.R. § 236.1(c)(8). A detainee may then request a bond redetermination hearing before an immigration judge. 8 C.F.R. § 236.1(d)(1). At that hearing, the detainee bears the burden of demonstrating to the immigration judge that the detainee warrants release on bond. See In re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006). The immigration judge must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." Id. (citing Matter of Patel, 15 I. & N. Dec. 666 (BIA 1976)). The immigration judge may also weigh

other discretionary factors. Id.

If the immigration judge denies bond, the detainee may appeal to the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 236.1(d)(3). If the BIA affirms, the detainee may seek habeas relief in federal district court. Leonardo v. Crawford, 646 F.3d 1157, 1159-61 (9th Cir. 2011). While district courts have jurisdiction to review bond determinations for constitutional error, Rodriguez Diaz v. Garland, 53 F.4th 1189, 1209 (9th Cir. 2022), district courts may not review discretionary judgments regarding the detention and release of noncitizens in removal proceedings under § 1226(a). 8 U.S.C. § 1226(e).

Further, an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances. See 8 C.F.R. § 1003.19(e).

In their answer, respondent asserts that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a). (ECF No. 6 at 3.) As discussed above, an immigration judge provided petitioner with bond hearings on November 24, 2025 and June 9, 2026. (ECF No. 6-3; 6-7.) The current record reflects that his appeal remains pending before the BIA on the immigration judge's November 24, 2025 bond decision. (ECF No. 6 at 2-3; ECF No. 6-4.)

When the procedures called for by § 1226(a) were provided, as in this specific case where petitioner was detained pursuant to § 1226(a) and received two bond hearings before an immigration judge, this Court finds no due process violation. Accordingly, the Court recommends denying petitioner's due process claims.

**B. Exhaustion of Administrative Remedies**

Respondent argues that petitioner failed to exhaust administrative remedies where his appeal of the immigration judge's November 24, 2025 order denying his request for bond remains pending before the BIA. (ECF No. 6 at 3.) Petitioner contends exhaustion should not be required where the BIA's delays in adjudicating bond appeals are unreasonable and result in his ongoing detention. (ECF No. 11 at 4-5.)

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available

judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

In Leonardo v. Crawford, 646 F.3d 1157 (9th Cir. 2011), the petitioner was a noncitizen held in immigration detention pursuant to 8 U.S.C. § 1226(a) and filed a petition for writ of habeas in the federal district court under 28 U.S.C. § 2241, alleging that his prolonged detention without a bond hearing violated his due process rights. See Leonardo, 646 F.3d at 1159. The district court entered an order directing respondent to hold a bond hearing consistent with the requirements set forth in Casas-Castrillon v. Department of Homeland Security, 535 F.3d 942 (9th Cir. 2008), and refrained from entering judgment on the habeas corpus petition until respondents had reported to the court that such a hearing had been held. See Leonardo, 646 F.3d at 1159. Respondents complied with the order and an Immigration Judge held a bond hearing, at which he denied bond upon finding petitioner was a danger to the community. See id. The petitioner did not appeal this determination to the BIA but instead filed in the district court in his

pending habeas corpus proceeding a motion for the court to review and reverse the Immigration Judge's bond order, arguing that the bond hearing did not conform to the court's prior order nor satisfy due process. Id. The Ninth Circuit held that the petitioner's request should have been denied, and his underlying claim dismissed without prejudice, due to his failure to exhaust administrative remedies by seeking review of the bond decision to the BIA. See id. at 1160. The Ninth Circuit explained that the statutory and regulatory scheme of § 1226(a)

> entitle[s] [detainees] to a bond hearing before an immigration judge. If they are dissatisfied with the IJ's bond determination, they may file an administrative appeal so that "the necessity of detention can be reviewed by ... the BIA." If they remain dissatisfied, they may file a petition for habeas corpus in the district court.

Id. (citations omitted). As such, it was "improper" for petitioner to employ the "short cut" of seeking review of the immigration judge's bond decision in the district court before seeking review in the BIA. See id. Instead, petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the immigration judge's decision" and "[o]nce the BIA rendered its decision, [petitioner] could have properly pursued habeas relief in the district court and the district court's decision would have been subject to review in this court." Id. Because petitioner had not shown that his request should be excused from the prudential exhaustion requirement, nor that the proceeding should be stayed to permit him to exhaust the new claim, the Ninth Circuit held that the petition should be dismissed without prejudice due to petitioner's failure to exhaust his claim challenging the adequacy of the bond determination. See id. at 1160-61.

In the instant action, the record indicates that petitioner did seek review of the immigration judge's November 24, 2025 bond decision and his appeal remains pending before the BIA. The current record does not indicate whether petitioner filed an appeal of the immigration judge's June 9, 2026 decision denying bond. Petitioner contends exhaustion should not be required where the BIA's delayed adjudication of bond decisions results in his prolonged detention. (ECF No. 11 at 4-5.) Petitioner fails to show why he should be excused from the prudential exhaustion requirement regarding this claim where his appeal remains pending. Though the Court acknowledges that bond appeals may remain pending for adjudication before

the BIA for several months, relaxing the exhaustion requirement under these circumstances would encourage others to bypass the administrative exhaustion process. Further, administrative review allows the agency to correct its own mistakes and thus avoid the need for judicial review.

Accordingly, as to petitioner's challenges to the November 24, 2025 and June 9, 2026 immigration judge decisions denying his requests for bond, his claim is denied. See Leonardo, 646 F.3d at 1160-61.

### C. Petitioner's Other Claims for Relief

The Court declines to reach petitioner's remaining habeas corpus claim asserting that his detention violates due process because it has continued beyond eight months. (See ECF No. 1 at 2; ECF No. 11 at 6). See, e.g., Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207 (9th Cir. 2022) (finding no due process violation where petitioner detained over sixteen months pursuant to § 1226(a) had received a bond hearing and a further bond hearing before an immigration judge was available to him upon a showing of materially changed circumstances); see also Prieto-Romero v. Clark, 534 F.3d 1053, 1068 (9th Cir. 2008) (finding no due process violation where petitioner detained for three years under § 1226(a) "received a bond hearing that afforded him an individualized determination of the government's interest in his continued detention by a neutral decisionmaker").

Further, the Court declines to reach petitioner's claim regarding indefinite detention and the likelihood of his removal under the Zadvydas framework where this record reflects his appeal of the immigration judge's February 19, 2026 decision denying his application for adjustment of status remains pending before the BIA. (ECF No. 1 at 7; ECF No. 6-6.) Thus, petitioner remains subject to detention under 8 U.S.C. § 1226(a) rather than post-final order detention under 8 U.S.C. § 1231(a) and is not subject to the Zadvydas framework at this time. See Zadvydas, 533 U.S. at 682-83.

## V. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel. (ECF No. 10.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at

any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

## VI. CONCLUSION

In summary, the Court recommends that respondent's motion to dismiss be granted.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 10) is denied without prejudice.

IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 6) be granted.
2. The Clerk of the Court be directed to enter judgment in favor of respondent and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 30, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Cast4405.2241.imm/9