UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO CASTRO FELIX (A-084-689-011),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | No. 1:26-cv-4405 DC CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Luis Alberto Castro Felix (A-084-689-011) is an immigration detainee proceeding through counsel with a petition for writ of habeas corpus under 28 U.S.C. § 1441. Respondent's opposition to petitioner's notice of voluntary dismissal is pending before the Court. As discussed below, the Court recommends that the respondent's opposition be overruled, and the Clerk of the Court be directed to enter dismissal as of August 14, 2026, the date the notice of voluntary dismissal was filed, and this action be dismissed without prejudice.

## I. BACKGROUND

On June 8, 2026, petitioner filed a pro se petition for writ of habeas corpus. (ECF No. 1.) On June 17, 2026, respondent timely filed a motion to dismiss the petition. (ECF No. 6.) On July 13, 2026, petitioner timely filed a pro se traverse. (ECF No. 11.) On July 31, 2026, this Court recommended that respondent's motion to dismiss be granted, and judgment be entered in favor

of respondent. (ECF No. 13.) On August 4, 2026, petitioner filed a pro se request to seal petitioner's supplemental exhibits (ECF No. 9). On August 24, 2026, petitioner, through counsel, filed a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (ECF No. 16.) That same day, respondent filed an opposition to the notice of voluntary dismissal. (ECF No. 17.) On August 17, 2026, petitioner was granted an extension of time to file objections to the pending findings and recommendations. (ECF No. 19.) On August 21, 2026, petitioner, through counsel, filed a timely reply in support of the notice of voluntary dismissal. (ECF No. 20.)

## II. VOLUNTARY DISMISSAL UNDER RULE 41(a)(1)

### A. Rule 41(a)(1)

Rule 41(a)(1) of the Federal Rules of Civil Procedure governs when plaintiffs or petitioners may voluntarily dismiss an action without a court order. Specifically:

> Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.
>
> (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed. R. Civ. P. 41(a)(1). "It is well-settled that under Rule 41(a)(1)(i), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.'" Com. Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)). "It is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." Com. Space Mgmt. Co., 193 F.3d at 1078.

**B. Discussion**

The plain text of Rule 41(a)(1) provides that petitioner may seek the voluntary dismissal of an action without a court order by filing a notice of dismissal before respondent served either an answer or a motion for summary judgment. Here, respondent has not filed an answer or a motion for summary judgment. (See Docket.) Respondent does not argue that Rules 23(e), 23.1(c), 23.2, and 66, or any other applicable federal statute applies to bar the voluntary dismissal of this action. (ECF No. 17.) Respondent provided no legal authority to support the position that the filing of a motion to dismiss or the issuance of findings and recommendations on the motion to dismiss precluded entry of voluntary dismissal. (Id.) Indeed, respondent provided no legal authority whatsoever and failed to acknowledge binding Ninth Circuit authority, which is concerning to the Court. (Id.) On the other hand, petitioner cited the Ninth Circuit's binding authority described above, and pointed out that the Ninth Circuit recently reaffirmed those principles in Spencer v. Barajas, 140 F.4th 1061, 1066-67 (9th Cir. June 6, 2025), by reiterating that Rule 41(a)(1) dismissals are "automatic," without a court order, despite a prior adverse judicial finding. (ECF No. 20 at 3 (quoting Spencer, 140 F.4th at 1067)).

In light of these authorities, respondent's opposition should be overruled, and the Clerk of the Court should be directed to dismiss this action effective August 14, 2026, the date the notice of voluntary dismissal was filed, and dismiss this action without prejudice.

## III. PETITIONER'S REQUEST TO SEAL

Considering the recommended dismissal of this action, petitioner's request to seal is granted. (ECF No. 14.) The Clerk of the Court is directed to seal petitioner's supplemental evidence filed on July 6, 2026. (ECF No. 9.) Petitioner is not required to re-file the exhibits with the appropriate redactions.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's pro se request to seal his supplemental evidence (ECF No. 14) is GRANTED.
2. The Clerk of the Court is directed to seal petitioner's supplemental evidence (ECF No.

9).

Further, IT IS RECOMMENDED that:

1. Respondent's opposition (ECF No. 17) be overruled.
2. Petitioner's notice of voluntary dismissal of this action (ECF No. 16) was automatically effective, and therefore the Clerk of the Court be directed to enter the dismissal effective August 14, 2026.
3. This action be dismissed without prejudice. Fed. R. Civ. P. 41(a).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 3, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/cast4405.2241.imm.vol.d